## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

JIMMY G. SMITH                                                                              PLAINTIFF

VS.                                      NO. 5:16-CV-002-DPM

CRETE CARRIER CORPORATION and
CURTIS PEAVY, INDIVIDUALLY                                          DEFENDANTS

### PROTECTIVE ORDER

It is ordered that as to all confidential, privileged, financial, business secret, medical and

sensitive information ("Confidential Information"), including electronically stored information,

produced by parties in this case, the directives of this protective order will apply to parties and

their attorneys, agents, employees, contractors, and anyone to whom parties publish the

Confidential Information.

1.     Parties may mark any Confidential Information being produced subject to this

protective order in a manner that would provide reasonable notice that the documents/items are

intended to be covered by this order. However, the absence of such markings does not relieve a

party from the obligation to abide by this order as to items that are clearly meant to be covered

such as medical records and financial records.

2.     Confidential Information subject to this protective order shall only be disclosed

as follows: (a) to counsel of record for the respective parties including their office and clerical

staff; (b) officers, directors and necessary employees of any party in connection with the trial

preparation of that party in this case; (c) expert witnesses or consultants engaged by a party to

assist in the prosecution or defense of the action provided such witnesses and consultants

separately agree to be bound and governed by the terms of this order; (d) the court and court

personnel subject to such safeguards as the court may deem necessary; (e) non-party witnesses

and their counsel only to the extent disclosure is necessary for their testimony and provided that they shall separately agree to be bound and governed by the terms of this order.

3.      Parties and other persons to whom Confidential Information is disclosed shall not publicize or disclose in any fashion Confidential Information other than in the context of development of this action through witnesses or experts, and such disclosure shall be made in a manner so that the Confidential Information does not become a matter of public record, unless authorization by this Court is first granted to allow the information to become a matter of public record for the purpose of using such information in the pursuit of this litigation.

4.      This Order does not constitute a finding that the Confidential Information is relevant or otherwise admissible at trial. This Order does not constitute a finding that any party has waived any objections to the authenticity, confidentiality, relevance or other objections to admissibility of the files or information at trial; nor does it constitute a finding that any party has waived any objections to the production of the same or similar information which may be sought in other litigation or other proceedings.

5.      Parties and other persons to whom Confidential Information has been disclosed shall be required at the conclusion of this action, including any appeal, to shred, destroy, or return to counsel for the producing party the documents which constitute the Confidential Information designated herein and all copies of the documents within ninety (90) days of the conclusion of this action.

6.      If any party disputes the designation of any document or item as confidential and subject to this protective order, then the parties should adhere to the procedures set out in the this court's Final Scheduling Order under the heading of "Discovery Disputes." However, in no event may any party apply for relief under this paragraph AFTER the conclusion of this action.

7.    The requirements of Rule 5.2 of the FRCP apply to any and all documents covered by this order.

8.    The provisions of this Order shall extend to any discovery that may arise in the future in this matter between the parties in which additional Confidential Information, or other information which the parties agree shall be subject to this Protective Order, is provided by either party. Should a party contest the applicability of this Order to such possible future discovery, the party shall be entitled to file a Motion with the Court for determination of the issue.

9.    This Court retains jurisdiction to enforce this protective order for one year after conclusion of this case by final judgment. Thereafter, this protective order shall be solely a contract among the parties and signatories.

        IT IS SO ORDERED.

_____
HONORABLE D. P. MARSHALL, JR.

_14 November 2016_____
DATE

APPROVED AS TO FORM:

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699

By: /s/Jerry J. Sallings
        Jerry J. Sallings (84134)
        Attorneys for defendants

BYRD LAW FIRM, P.A.
P.O. Drawer 270
Hamburg, Arkansas 71646

By: /s/ John Richard Byrd, Jr.
        John Richard Byrd, Jr. (200430)
        Attorneys for plaintiff

DOWNS LAW FIRM, APC
517 N. Washington St.
Bastrop, Louisiana 71220

By: /s/ Ross Downs
    Ross Downs (2006061)
    Attorneys for plaintiff

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JIMMY G. SMITH                                                                    **PLAINTIFF**

VS.                                            **NO. 5:16-CV-002-DPM**

**CRETE CARRIER CORPORATION and
CURTIS PEAVY, INDIVIDUALLY**                                    **DEFENDANTS**

**<u>CONFIDENTIALITY AGREEMENT</u>**

I, _____, on behalf of myself and as authorized representative of

_____, agree that as a condition of the receipt, review, and possession

of information subject to the court's protective order governing certain documents in this case, I,

and my company, agree to be bound by the terms of the protective order, a copy of which is

attached to this agreement.  I, and my company, agree that by accepting, reviewing, and

possessing the documents covered by the attached protective order, I and my company agree that

we will accept, and be bound by, the terms and conditions of this protective order just as if the

judge expressed these terms and conditions to us in open court. I, and my company, understand

that we will be subject to this court's jurisdiction for purposes of determining whether the

protective order has been followed or violated.

By affixing my signature below, I confirm that I have read and understood the terms of

the attached protective order.

_____

_____
DATE

1314636-v1